Filed 11/9/23  P. v. Rew CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081435 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS240763) |
| TREVIYON REW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ana L. Espana, Judge.  Affirmed.

Britton Donaldson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent,

Treviyon Rew appeals from an order denying his petition to vacate his attempted murder convictions and for resentencing under Penal Code

section 1172.6.[1]  His appointed appellate counsel filed an opening brief stating that she had been unable to identify any arguable issues for reversal on appeal.  (*People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).)  After we issued a *Delgadillo* order notifying Rew of his right to file a supplemental brief, he did so.  We now conclude that Rew has failed to identify any arguably meritorious issues for appeal.  Accordingly, we affirm the order denying his section 1172.6 petition.

FACTUAL AND PROCEDURAL BACKGROUND

In 2010–2013, Rew was prosecuted for multiple crimes in San Diego County Superior Court.  The operative third amended information alleged 18 counts solely against Rew, including three counts of attempted murder alleged in counts 1, 12, and 13 (§§ 664, 187, subd. (a)).  Count 1 alleged attempted murder of Sean S. committed on July 22, 2020.  For this count, the information further alleged that Rew committed the crime in association with a criminal street gang (§ 186.22, subd. (b)(1)); he committed the offense while released from custody on bail (§ 12022.1, subd. (b)); he was armed with a firearm (§ 12022, subd. (a)(1)); he intentionally and personally discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)); and at least one principal in the crime personally used a firearm proximately causing great bodily injury and death (§ 12022.53, subds. (d), (e)(1).)

---

[1]  Rew brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022.  (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).)  We refer to the subject statute by its current number throughout this opinion.  All further statutory references are to the Penal Code.

Counts 12 and 13 alleged attempted murders of Martin R. and Carlos A. committed on July 24, 2010. For these counts, the information further alleged that Rew intentionally and personally discharged a firearm (§ 12022.53, subd. (c)); he committed the offenses while released from custody on bail (§ 12022.1, subd. (b)); and he was armed with a firearm (§ 12022, subd. (a)(1).)

The remaining counts alleged a variety of other crimes, including carjacking and attempted carjacking (§§ 215, subd. (a), 664), assault with a firearm (§ 245, subd. (a)(2)), robbery (§ 211), receiving stolen property (§ 496, subd. (a)), assault with a deadly weapon or force likely to produce great bodily injury (§ 245, subd. (a)(1), possession of a concealed weapon (§ 12025, subd. (a)(2)), and evading a peace officer (Veh. Code, § 2800.1, subd. (a).)

In a jury trial with Rew as the sole defendant, the court gave CALCRIM No. 600 on the attempted murder charges.[2] This instruction stated that the required elements of attempted murder are: (1) "The defendant took at least one direct but ineffective step toward killing another person;" and (2) "The defendant intended to kill that person." The court did not give any instructions on aiding and abetting. Specifically, the court did not instruct the jury with CALCRIM No. 402 or CALCRIM No. 403 on the natural and probable consequences theory of aiding and abetting.

The jury found Rew guilty on all counts and found true all the charged gang and firearm allegations, except that it was unable to reach a verdict on three robbery counts. The court declared a mistrial on the robbery counts. In a bifurcated bench trial, the court found true the on-bail enhancements.

---

[2]    On our own motion, we take judicial notice of the appellate record from Rew's direct appeal (No. D065909), which includes the jury instructions given at his trial. (Evid. Code, §§ 452, subd. (c), 459.)

3

In 2014, the court sentenced Rew to a determinate term of 63 years, 8 months and an indeterminate term of 65 years to life. On direct appeal, we affirmed the judgment, except that we struck the gang enhancements and related firearm enhancements under section 12022.53, subdivisions (d) and (e)(1), and we remanded for resentencing. The trial court resentenced Rew in June 2016.

In June 2022, Rew filed a petition for resentencing under section 1172.6. After appointing counsel and receiving further briefing from the attorneys, the court held a prima facie hearing on the petition. Based on the record of conviction, the court concluded that Rew was convicted of each of the three attempted murder counts "as a direct perpetrator rather than under a theory of felony order or murder under the natural and probable consequences doctrine." Accordingly, the court denied the petition for failure to establish a prima facie case. The court issued a written ruling denying the petition on this ground.

Rew timely appealed the court's order denying his section 1172.6 petition at the prima facie stage. On appeal, his appointed counsel filed a no-issues brief under *Delgadillo*. We issued an order advising Rew of his right to file a supplemental brief. In response, Rew filed a supplemental brief arguing that he is entitled to an evidentiary hearing on his petition.

DISCUSSION

In *Delgadillo*, our Supreme Court clarified the procedures required in an appeal from the denial of a section 1172.6 petition where counsel finds no arguable issues. In such circumstances, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the

4

defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

We have followed the procedures set forth in *Delgadillo*—and Rew responded to our *Delgadillo* notice by filing a supplemental brief identifying potential issues. Under *Delgadillo*, we must therefore evaluate the issues presented by Rew. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

Section 1172.6 allows those previously convicted of felony murder, or murder or attempted murder under the natural and probable consequences doctrine, or murder based on any other theory of imputed malice, to petition the court to have their convictions vacated and be resentenced on any remaining counts, if they could not presently be convicted of murder or attempted murder because of changes to the law made effective in January 2019. (§1172.6, subd. (a).) After appointment of counsel, the trial court is permitted to examine the record of conviction to assess whether it refutes the petitioner's claim of eligibility. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972 (*Lewis*).) The court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*Id.* at p. 971.)

The only theory of *attempted* murder specified in section 1172.6 is "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [the

statute "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].) As noted, the court at Rew's trial did not instruct the jury on the natural and probable consequences doctrine. Thus, Rew was not convicted of attempted murder on any theory specified by section 1172.6. (See, e.g., *People v. Estrada* (2022) 77 Cal.App.5th 941, 946 (*Estrada*) [summary denial of section 1172.6 petition affirmed where record demonstrated trial court did not instruct jury on natural and probable consequences doctrine]; *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied"].)

In his supplemental brief, Rew points out that the trial court gave CALCRIM No. 3149 on the firearm use enhancements alleged under section 12022.53, subdivision (d). He notes that this instruction included the following language: "An act causes great bodily injury if the injury is the direct, natural, and probable consequence of the act and the injury would not have happened without the act. A *natural and probable consequence* is one that a reasonable person would know is likely to happen if nothing unusual intervenes." Based on this language, Rew contends that he could have been convicted of attempted murder on a natural and probable consequences theory.

We disagree. This instruction was limited to the causation element of the section 12022.53, subdivision (d) firearm enhancement. It did not apply to the attempted murder charge itself, and it did not allow the jury to convict Rew of attempted murder based on a natural and probable consequences theory. As noted, the court gave no aiding and abetting instructions at trial, and the attempted murder instruction required the jury to find that "[t]he

6

defendant" took some step to kill another person and "[t]he defendant" intended to kill that person. Rew was the only defendant on trial. Accordingly, under the instructions given, the jury had to find that Rew was the actual perpetrator to convict him of the attempted murder counts.

Rew further contends that the prosecutor at his trial argued an alternative vicarious liability theory for the section 12022.53, subdivision (e) enhancement accompanying the attempted murder charged in count one. Section 12022.53, subdivision (e) applies when at least one principal in a gang-related crime personally uses a firearm proximately causing great bodily injury or death. As the prosecutor argued, the jury could have found this allegation true if either Rew or another principal in the attempted murder personally used a firearm proximately causing great bodily injury or death in the commission of a gang-related crime. But again, this does not change the fact that the jury instructions did not permit the jury to convict Rew of attempted murder on a natural and probable consequences theory—or any other theory of vicarious liability or imputed malice. Moreover, the jury ultimately found that Rew himself "personally and intentionally discharged a firearm, causing great bodily injury or death" in the commission of count one.

Finally, the section 1172.6 cases cited by Rew do not support his position because they do not involve attempted murder convictions in which no jury instruction was given on the natural and probable consequences theory of aiding and abetting. (See, e.g., *People v. Eynon* (2021) 68 Cal.App.5th 967, 975–979 [guilty plea to first degree premeditated murder on unspecified theory of liability]; *People v. Langi* (2022) 73 Cal.App.5th 972, 983–984 [conviction as direct aider and abettor of implied malice second degree murder]; *People v. Cooper* (2022) 77 Cal.App.5th 393, 409 [conviction of first degree felony murder].)

For all these reasons, we conclude that the issues identified by Rew lack arguable merit. Because the record of conviction conclusively demonstrates that Rew was not convicted of attempted murder on any theory covered by section 1172.6, the trial court correctly ruled that Rew did not show a prima facie case for relief. (See *Lewis, supra,* 11 Cal.5th at pp. 970–972.)

## DISPOSITION

The order denying Rew's section 1172.6 petition is affirmed.


BUCHANAN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


KELETY, J.

8